IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GARY SCHWAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 3:12CV509 |
| ZALE DELAWARE, INC., | ) ) |
| Defendant. | ) ) ) |

## SCHEDULING AND PRETRIAL ORDER

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. This Order shall supersede all prior Scheduling and Pretrial Orders that have been entered in this matter.

### Trial Date

1. Trial is scheduled with a jury to commence at 10:00 a.m. on **Monday, April 22, 2013**.

### Responsive Pleadings or Answers

2(a). Any defendant that has not filed an Answer shall do so within (11) calendar days from the date of this Order.

2(b). Any motions for joinder of additional parties shall be filed within fifteen (15)

calendar days after entry of this Order.

2(c). Any motions to amend pleadings shall be filed in accordance with Fed. R. Civ. P. 15(a). Any such motions filed that do not comply with Rule 15(a) will be entertained only when justice so requires.

## Rule 26 Disclosures

3(a). Not later than one hundred twenty (120) calendar days before trial, each party shall identify all persons it expects to call as expert witnesses in its case in chief at trial in support of any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B), (a)(2)(C) for each such expert witness. Rule 26(a)(2)(B) shall <u>not</u> be deemed to include the opinion(s) of treating professionals and the terms of this Order shall supersede any conflicting provisions of Rule 26.

3(b). Not later than ninety (90) calendar days before trial, each defending party shall identify all persons it expects to call as expert witnesses in opposition to any complaint, counterclaim, cross-claim, or third-party complaint, and shall serve all other parties with a copy of a written report complying with the requirements of Fed. R. Civ. P. 26(a)(2)(B), (a)(2)(C) for each such expert witness.

3(c). Not later than eighty (80) calendar days before trial, each party shall identify all persons expected to be called as expert witnesses solely to contradict or rebut any witness identified pursuant to paragraph 3(b) and shall serve all other parties with a copy of a written report complying with the requirement of Fed. R. Civ. P. 26(a)(2)(B), (a)(2)(C) for each such expert witness.

3(d). The parties are advised that they may rely upon the testimony of only one expert per topic, except by order of the Court.

### Electronic Discovery

4. If the parties have not yet held a conference as prescribed by Rule 26(f), the parties must do so within five (5) days of the entry of this Order and confirm compliance with same by filing with the Clerk a copy of the Rule 26(f) Report, which shall include the following information: (1) a determination of what electronic discovery will be sought by any party regarding any issues; (2) what electronic retention and retrieval systems are in use by the responding party; (3) whether agreement can be reached as to the need for preservation of relevant electronic data with a prescribed disclosure method and schedule; (4) whether agreement can be reached addressing any privilege issues, including non-waiver and clawback provisions; (5) whether there is a need for the designation by each party of an individual to act as a liaison for the party as to all electronic discovery; and, (6) the possible need for periodic case management conferences to address any new issues and to ensure compliance with whatever has been agreed upon or ordered by the Court.

### Completion of Discovery

5(a). All discovery, including the required time period for response to any discovery demand(s), must be concluded not later than seventy (70) calendar days before trial, except by order of the Court.

5(b). Counsel are expected to resolve discovery disputes without filing motions or involving the Court. If, after good faith effort, counsel are unable to resolve a dispute and need the Court to intervene, the Court <u>prefers</u> that the parties file a <u>joint</u> motion not exceeding twenty

(20) pages in length setting forth (1) the posture of the case, (2) the nature of the discovery dispute, (3) the efforts made by the parties to resolve the dispute, (4) the position of each party regarding the dispute, (5) whether a hearing is necessary to address the issue, and (6) a certification under Local Rule 37(E) signed by counsel for each party that they have met and conferred in good faith to resolve the dispute before involving the Court. The Court prefers that the parties file a joint motion, so that the dispute can be addressed in an expedited manner. If, however, the parties believe that a joint pleading is not feasible, the parties may file separate pleadings under the following terms: the motion to compel (or motion for protective order) and response may not exceed seven (7) pages in length and any reply may not exceed three (3) pages. Moreover, the pleadings must be filed pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of discovery set forth in paragraph 5(a). Counsel are reminded that discovery disputes requiring judicial intervention are strongly disfavored and that the Court will consider imposing sanctions pursuant to Fed. R. Civ. P. 37 and Local Rule 37 against any party not acting in good faith to resolve a dispute before involving the Court.

5(c). No discovery materials shall be filed with the Clerk except by order of the Court.

5(d). If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work-product doctrine, or any other protection, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made (i.e., a privilege log), together with a brief description of the document, including the date, the author, identity of each recipient including their job titles at the pertinent time, and the claimed basis for its protection, all of which shall be sufficient to permit the opposing party to assess the

claim of privilege or protection. Unless otherwise ordered by the Court, the claim of privilege or protection shall be waived unless the privilege log is served with the objections to the request for production in the time required by the Local Rules or by a deadline established by an order of the Court.

5(e). If any party anticipates difficulty meeting the deadline for asserting discovery objections or serving the opposing party with a privilege log, the Court instructs the party to move for an extension of time at the earliest reasonable opportunity, preferably before objections or privilege logs become due. Such motion will be granted for good cause shown. If any party is shown to have unnecessarily delayed in seeking such an extension of time, the Court will strictly enforce the deadlines established by the Local Rules.

## Dispositive Motions

6. All dispositive motions shall be filed not later than sixty (60) calendar days before trial. This deadline shall not change, except by order of the Court. Counsel must submit two (2) courtesy copies of all motions and one (1) copy of all exhibits to Chambers. Counsel are reminded of the requirements of Local Rule 56(B), which are specifically incorporated herein regarding motions for summary judgment.

## Non-Dispositive Motions

7. All non-dispositive motions, including all motions *in limine*, shall be filed not later than eighteen (18) calendar days before trial. The brief in opposition to such non-dispositive motions shall be filed not later than fourteen (14) calendar days before trial. The reply brief in support of such non-dispositive motions, if any, shall be filed not later than twelve (12) calendar days before trial. The parties are referred to the requirements of Local Rule 7(E), which are

incorporated herein by reference.

## Proposed Witnesses

8. Each plaintiff shall file a list of proposed witnesses not less than thirty (30) calendar days before trial, and each defendant shall designate its witnesses not later than twenty-one (21) calendar days before trial. Plaintiff(s) shall file a list of any rebuttal witnesses not later than fourteen (14) calendar days before trial. Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

## Discovery To Be Used As Evidence

9. Each plaintiff shall file a designation not less than thirty (30) calendar days before trial identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise not less than twenty-one (21) calendar days before trial. Any objection to the introduction of any discovery material shall be filed not later than fourteen (14) calendar days before trial or the objection will be deemed waived. This paragraph does not apply to discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

## Jury Trial

10. If this matter is to be tried by a jury, counsel for all parties shall electronically file any requested jury instructions, including all requested standard instructions, not less than fourteen (14) calendar days before trial. Any objections shall be filed not later than five (5) days after the filing of the requested jury instructions. Counsel shall also provide a copy of the requested jury instructions on a disc or via e-mail to Chambers. Counsel shall make every effort to resolve objections, to consolidate jury instructions, and to tender an agreed set of instructions

to the Court, including any special interrogatory verdict form and an instruction that succinctly summarizes the respective positions of the parties for additional use by the Court during the *voir dire* process. Any proposed instructions as to which there is objection shall be so identified by separate submission and, with regard to each disputed instruction (which shall be numbered and identified by the party submitting it, *e.g.*, "P-1" or "D-1"), the nature of the dispute, the respective position of the parties, and any supporting authority shall be set forth. Each instruction shall be presented on a separate page and the original shall contain a citation of supporting authority.

### *Voir Dire*

11. Any proposed jury *voir dire* to be requested by any party shall be filed at least fourteen (14) calendar days before trial.

### Bench Trial

12. If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law not later than ten (10) calendar days before trial. Counsel shall also provide a copy of the proposed findings of fact and conclusions of law on a disc or via e-mail to Chambers.

### Written Stipulations

13. Not later than twenty-four (24) calendar days before trial, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts. Written stipulations shall be signed by each counsel and filed with the Clerk not later than eleven (11) calendar days before trial.

### Proposed Exhibits

14. Each plaintiff shall file a list of proposed exhibits not less than thirty (30) calendar days before trial and shall provide a copy of all proposed exhibits to all parties. Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party not less than twenty-one (21) calendar days before trial. Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed not later than fourteen (14) calendar days before trial.

15. All exhibits will be presented by available electronic means at trial, with counsel to contact the courtroom deputy clerk before trial if counsel is not sufficiently familiar with the courtroom electronic system to effectuate presentation at trial. In anticipation of trial, each party shall ensure that two (2) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least one day before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations.

### Deadlines

16. If any deadline established herein falls on a Saturday, Sunday or federal holiday, the deadline shall be presumed to have expired at 5:00 p.m. on the nearest preceding business day. For purposes of Fed. R. Civ. P. 6(e), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means.

### Settlement Conferences

17. The parties are required to schedule a settlement conference before U.S. Magistrate Judge M. Hannah Lauck and such conference shall take place not later than thirty (30) calendar days before trial. To ensure that the settlement conference is scheduled in a timely manner, the

parties shall contact the chambers of Judge Lauck within seven (7) days of entry of this Order to schedule the settlement conference. Trial counsel shall appear at any settlement conference with the party or parties whom they represent and, consistent with the procedures prescribed by Judge Lauck, a party representative must be in attendance who has full settlement authority to resolve the case.

### Final Pretrial Conference

18. If the case will be tried by a jury, a Final Pretrial Conference will be held on **Thursday, April 11, 2013,** at **2 p.m.** Trial counsel shall attend and present a proposed Final Pretrial Order endorsed by counsel setting forth all resolved and disputed matters related to trial evidentiary issues, *e.g.*, stipulations, objections, etc. If the case will be tried without a jury, no Final Pretrial Conference will be held unless specifically requested by the parties or the Court. If no Final Pretrial Conference is held, then the parties shall submit the Final Pretrial Order not later than five (5) calendar days before trial.

### Pretrial Briefs

19. The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice. Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue. If counsel elects to file a pretrial brief, it must be filed not later than five (5) calendar days before trial.

### Court Reporters

20. Any party desiring to have proceedings transcribed by a court reporter in addition to the audio-digital recordation by the Court shall make their own arrangements and be financially

responsible for said services. The parties shall also notify the Court at the Final Pretrial Conference if they intend to make such arrangements so that appropriate electronic means can be available.

/S/ _____
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: October 22, 2012